# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-00567-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Howard Dennis Barnes, | |
| Defendant. | |

On 4/13/15, the Court held a hearing pertaining to the Government's request for restitution pursuant to 18 U.S.C. § 3664. In support of the request for restitution, the Government filed a document entitled "Affidavit of Robert Miller RE: Damages to Estate of Timothy Bopp" ("Miller Affidavit"), and introduced testimony of the law enforcement officer that worked on the underlying case.

Defendant orally made several objections pertaining to the adequacy of the evidence submitted by the Government in support of restitution. First, Defendant argued that the affidavit is inadequate as it is not notarized. However, this argument is denied as a notarized document is not required in federal court pursuant to 28 U.S.C. § 1746 which states in relevant part: "Wherever . . . any matter is required . . . [to be ] proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be . . . proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: 'I declare (or

certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'"  The affidavit in question contains substantially the same language reflected in § 1746, and is adequate under that statute.  Defendant also argued, in part, that the attorneys' fees and expenses incurred in litigation arising out of a will forged by Defendant should not be charged to Defendant as such litigation expenses may have been incurred due to the unreasonable litigation position taken by Jennie Kim Song who possessed the forged will.  This argument is without merit and is rejected.  But for Defendant forging the will that came into the possession of Jennie Kim Song, there would have been no litigation whatsoever; Defendant is responsible for the litigation he spawned through his fraudulent forging of the will, and all litigation (reasonable or not) arose from Defendant's fraudulent conduct.

While the above arguments have been rejected and the Government will not be required to respond to those issues, the Court will require a response to the other issues raised by Defendant at the hearing.  Defendant argued that the Miller Affidavit contains a plethora of factual assertions, but lacks any foundation as to how Miller came to know those facts, and to what extent any of those facts are based on personal knowledge.  In addition, Defendant also argues that the Miller Affidavit also does not establish the reasonableness of the fee charged in the community in question, and the reasonableness of the hours and expenses expended pertaining to the litigation in question.   In addition, orally citing to *Hughey v. U.S.*, 495 U.S. 411 (1990), Defendant also argued that the restitution requested was improper as the Government has not adequately tied it to the charges Defendant pled guilty to, and that the factual basis and agreement to make restitution are otherwise inadequate to support the restitution requested.  The Government shall address these issues.  As to the objections to the Miller Affidavit, the Court believes that these issues can be cured by filing an Amended Miller Affidavit, and providing the underlying billing records (which likely contain privileged information) for an *in camera* inspection.  The Court notes that LRCiv 54.2 contains a useful guide as to submitting

attorneys' fees and expenses to the Court for evaluation.  By no later than **5/15/15,[1]** the Government shall submit an Amended Motion for Restitution (with any necessary supporting evidence) complying with this Order and addressing the issues discussed in this paragraph; the Amended Motion shall discuss any relevant facts and law supporting the Government's position.  Defendant shall file a response within 7 days of the filing date of the Amended Motion for Restitution, and the Government shall file a reply within 7 days of the filing date of Defendant's response.

Dated this 15th day of April, 2015.

Honorable James A. Soto
United States District Judge

---

[1] The Court has given the Government additional time as it is aware that the Government will have to coordinate with attorney Robert Miller (who lives and practices in California) to comply with this Order.